# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

IRON OAK TECHNOLOGIES, LLC,

     *Plaintiff.*

v.

MICROSOFT CORPORATION,

     *Defendant.*

CASE NO.  3:18-cv-222-M

**JURY**

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## MOTION FOR PARTIAL SUMMARY JUDGMENT (DN 39)

# TABLE OF CONTENTS

I.      Introduction .................................................................................................................... 1

II.     Microsoft Has Failed To Show That It (And Each Of The MDL Defendants)

        Is Entitled To Partial Summary Judgment ......................................................... 2

        A.  Notice of Infringement Under Section 287 ............................................. 2

        B.  The Legal Standard for Summary Judgment ........................................... 5

        C.  Microsoft Has Failed to Meet its Initial Burden of Production ................... 6

        D.  Genuine Issues of Material Fact Preclude Summary Judgment ............... 11

III.    Conclusion.................................................................................................................... 13

Certificate of Service.................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AccuScan, Inc. v. Xerox Corp.*,
   1998 WL 603217 (S.D.N.Y. 2000), *aff'd in part, rev'd in part, dismissed in
   part on other grounds*, 79 Fed. Appx. 290 (Fed. Cir. 2003) .................................................... 4

*Amstead Indus. v. Buckeye Steel Castings*,
   24 F.3d 178 (Fed. Cir. 1994) ................................................................................................... 2

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................ 5

*Boudreaux v. Swift Transp., Co.*,
   402 F.3d 536 (5th Cir. 205) ..................................................................................................... 6

*Celotex v Corp. v. Catrett*,
   477 U.S. 317 (1986) ..................................................................................................... 5,6,10

*Fields v. City of Houston*,
   922 F.2d 1183 (5th Cir. 1991) ................................................................................................. 6

*Funai Elec. Co., Ltd. V. Daewoo Electronics Corp.*,
   616 F.3d 1357 (Fed. Cir. 2010) .................................................................................... 3, 11-13

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ......................................................................................... 2, 12

*K-TEC, Inc. v. Vita-Mix Corp.*,
   696 F.3d 1364 (Fed. Cir. 2012) ...................................................................................... 3,11, 12

*In re Katz Interactive Call Processing Patent Litigation*,
   2009 WL 8636056 (C.D. Cal. 2009) ................................................................................. 4, 13

*Lucent Techs. v. Gateway, Inc.*,
   470 F. Supp. 2d 1180 (S.D. Cal. 2007) .................................................................................. 3

*Minks v. Polaris Indus., Inc.*,
   546 F.3d 1364 (Fed.Cir.2008) ........................................................................... 4, 5, 11, 12

*Novo Nordisk A/S v. Becton Dickinson & Co.*,
   96 F. Supp. 2d 309 (S.D.N.Y. 2000) .................................................................................. 4, 9

*PCT Int'l Inc. v. Holland Electronics, LLC*,
   2015 WL 5210628 (D. Ariz. 2015) ......................................................................................... 5

*Saint Lawrence Comms., LLC v. ZTE Corp., et al.,* Case No. 2:15-CV-349
    (E.D. Tex. 2017)...........................................................................................................13

*SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.,*
    127 F.3d 1462 (Fed. Cir. 1997)......................................................................................2

*Tenneco Auto. Operating Co., Inc. v. Visteon Corp.,*
    375 F. Supp.2d 360 (D. Del. 2005)...........................................................................3, 13

*Unova, Inc. v. Hewelett-Packard Co.,*
    2005 WL 6070187 (C.D. Ca. 2005).................................................................4, 5, 12, 13

**Rules and Statutes**

35 U.S.C. § 287(a)...................................................................................*passim*

Fed. R. Civ. P. 56 ...............................................................................................11

Fed. R. Civ. P. 56(c)...............................................................................................5

I.      **Introduction**

Plaintiff Iron Oak Technologies, LLC is asserting the two patents in suit against 8 groups of defendants.[1]  However, because Iron Oak had never placed defendant Microsoft Corporation on "notice of infringement"[2] of either patent before patent expiration, Iron Oak chose not to sue Microsoft.  Instead, Iron Oak invited Microsoft to consider licensing Iron Oak's patent portfolio for the benefit of its customers.  Microsoft declined that invitation and filed this action seeking a declaratory judgment that "through the normal, advertised and expected use of [Microsoft's] products, services or technology," Microsoft did not infringe either of the asserted patents.  *See* DN1 at ¶1.

Microsoft now seeks partial summary judgment for the 8 MDL Defendants that no damages can be awarded against any of the MDL Defendants whose accused products and systems use a Microsoft operating system.[3]  Microsoft's basis for such relief is the contention that the "notice of infringement" letters that were timely provided to the MDL Defendants were ineffective for those products sold by an MDL Defendant that were loaded by that defendant with a Microsoft operating system.

Microsoft's motion fails for at least the following independent reasons.  First, Microsoft's motion fails because Microsoft has not carried its burden under the Supreme Court's standards for summary judgment.  Second, Microsoft's motion fails because there are genuine issues of material fact concerning whether the "notice of infringement" letters sent to each of the MDL

---

[1] The defendants in 3:18-md-2835-M, excluding Microsoft Corporation, are referred to herein as the "MDL Defendants."

[2] 35 U.S.C. § 287 provides that a patent owner must mark its product with applicable patent numbers. Otherwise, a patent owner's damages are limited to the period after "notice of infringement was provided."

[3] At paragraphs 7 and 8 of its Brief, Microsoft admits that its Windows operating systems include an Automatic Update feature (relevant to the '275 Patent) and a Connection Manager feature (relevant to the '658 Patent).  See DN 40 at 6.

Defendants is sufficient under the law to support an award of monetary damages for direct or indirect infringement by an MDL Defendant for products that use a Microsoft operating system.

## II.   Microsoft Has Failed To Show That It (And Each Of The MDL Defendants) Is Entitled To Partial Summary Judgment

### A.   Notice of Infringement Under Section 287

Title 35 U.S.C. § 287(a) provides that

> "[p]atentees, and persons making, offering for sale, or selling . . . any patented article . . . may give notice to the public that the same is patented" by marking the product with the patent number.

Failure to so mark precludes recovery of damages, "except on proof that the infringer was *notified of the infringement* and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." *Id.* (emphasis added). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amstead Indus. v. Buckeye Steel Castings*, 24 F.3d 178, 187 (Fed. Cir. 1994). When analyzing actual notice under § 287(a), the Court should "focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.*

"Although there are numerous possible variations in form and content, the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the *patent holder believes that the recipient of the notice may be an infringer*." *SRI Int'l, Inc. v. Advanced Tech. Labs, Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) (emphasis added). "Thus, the actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement, whether by license or otherwise." *Id.* Since the actual notice provided to a defendant need not use the word "infringement," the Federal Circuit has held that a proposal to license the asserted patents may satisfy § 287(a)'s notice requirement. *Id.*; *see also Gart v.*

*Logitech, Inc.*, 254 F.3d 1334, 1345–46 (Fed. Cir. 2001) ("The whole point of offering a license is to insulate a licensee from infringement charges by the licensor.").

A letter may be used to provide the required notice under Section 287, and such notice "must be sufficiently specific to support an objective understanding that the recipient may be an infringer." *Funai Elec. Co., Ltd. V. Daewoo Electronics Corp.,* 616 F.3d 1357, 1373 (Fed. Cir. 2010).To do so, "[t]he letter must communicate a charge of infringement of specific patents by a specific product or group of products." *Id.*

Once a patentee provides notice of infringement with respect to one product, a Section 287 notice threshold is met, and other models and related products may be found to be within the scope of the notice. *Id.*  As the Federal Circuit has explicitly found:

> If a patentee's initial notice is sufficiently specific to accuse one product of infringement, "ensuing discovery of other models and related products may bring those products within the scope of the notice."

*K-TEC, Inc. v. Vita-Mix Corp.,* 696 F.3d 1364, 1379 (Fed. Cir. 2012)(quoting *Funai*).  *See also Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp.2d 360, 365 (D. Del. 2005) (denying MSJ of no damages noting that Patentee sent letter identifying some specific products and noting that other unidentified products may infringe and stating that "[s]uch letters have been deemed sufficient notice that the remaining accused products infringe the patents in suit")

Determining the universe of products supported a notice letter "depends on the circumstances." *Lucent Techs. v. Gateway, Inc.*, 470 F. Supp. 2d 1180, 1185 (S.D. Cal. 2007). Thus, once it is shown that the patentee has provided notice with respect to one product, the determination of whether other products are within the scope of the notice letter provides actual notice is ***a triable issue of fact for the jury to decide***.  *Funai,* 616 F.3d at 1373 (emphasis added). *See also Lucent Techs, 470 F. Supp. 2d at 1186-1187* (denying MSJ of no damages for alleged

lack of notice); *Novo Nordisk A/S v. Becton Dickinson & Co.*, 96 F. Supp. 2d 309, 319–20 (S.D.N.Y. 2000) ("[T]he notice requirement under § 287 is treated flexibly –as a question of fact for the jury. Even where the notice given went to a merely related product class, such notice may be sufficient and the question of adequate notice must go to the jury.").

There is no requirement under Section 287 that a notice letter identify the products associated with the infringing act by brand name or model number. *See, e.g., Unova, Inc. v. Hewelett-Packard Co.,* 2005 WL 6070187, *1 (C.D. Ca. 2005)(denying MSJ of no damages, "[t]here is no caselaw requirement that a party alleging infringement name each and every brand name under which the allegedly infringing article is sold"). On the contrary, a notice letter can provide notice under Section 287 even if it fails to identify a proper name of any of the products giving rise to the alleged infringement. *In re Katz Interactive Call Processing Patent Litigation*, 2009 WL 8636056, *3 (C.D. Cal. 2009)("In some cases, a patentee may not identify the proper name of a service or product. Yet, it can still provide sufficient detail to provide notice."). *See also Novo Nordisk*, 96 F. Sup. 2d at 319.

As reflected in *Novo Nordisk*:

> [T]here is no authority to support [the defendant's] proposition that the actual notice requirement cannot be satisfied as a matter of law unless the specific accused device is mentioned in the notice, even where other similar devices are referred to in the notice. Instead, the Federal Circuit has emphasized that there is some flexibility involved in determining whether the actual notice requirement has been met.

*Novo Nordisk*, 96 F. Sup. 2d at 320 (quoting *AccuScan, Inc. v. Xerox Corp.*, 1998 WL 603217 (S.D.N.Y. 2000))

With respect to the sufficiency of notice, the issue is not whether any product or products are identified by name, but rather whether notice provided information sufficient to apprise the infringer "of the adverse patent and the alleged infringement." *See, e.g., Minks v. Polaris Indus.,*

*Inc.,* 546 F.3d 1364, 1376 (Fed. Cir. 2008).  Thus, for example "an accusation [of infringement] against a type of battery could constitute an accusation of a specific device."  *Unova,* 2005 WL 6070187 at *1 fn. 1.  Similarly, a letter providing notice to an infringer that "reverse speed limiters sensing engine speed and a DC input infringe" could be found by a jury to provide the notice required by Section 287 for products meeting that description, even though no specific product identification was provided.  *Minks,* 546 F.3d at 1337 ("[K]knowledge of a specific infringing device is not a legal prerequisite to [a finding of notice under Section 287]."

As another example, a reference to a general family of products having similar features can be sufficient to provide Section 287 notice with respect to the specific products within that family.  *See PCT Int'l Inc. v. Holland Electronics, LLC,* 2015 WL 5210628, *16 (D. Ariz. 2015) (finding that notice letter identifying family "was sufficiently specific to identify specific products…even without a list of particular model numbers.")   This is sensible as a patentee may not know the names of all infringing products and any contrary rule would permit an accused infringer to become a moving target by simply renaming the accused devices.  *See, e.g., Unova,* 2005 WL 6070187 at *1 fn. 1.

### B.      The Legal Standard for Summary Judgment

Summary judgment is appropriate only when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of fact exists and that the movement is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c); s*ee also Celotex v Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  A dispute of a material fact is genuine if a reasonable jury viewing the evidence could reach a verdict in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Here, Microsoft bears the initial burden of production to show the absence of evidence to support Iron Oak's claims against the other MDL Defendants for products having a Microsoft operating system. *Celotex,* 477 U.S. at 325. When a party moves for summary judgment on the ground that the non-moving party has no evidence for the claim at issue, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the non-moving party. *Id.* If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied. *Id.*

If Microsoft satisfies this initial burden (which it can't), the burden then would shift to Iron Oak to show that summary judgment is not proper. *Fields v. City of Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). To carry this burden, Iron Oak must designate specific facts in the record to show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. All evidence and inferences must be viewed in the light most favorable to Iron Oak. *Boudreaux v. Swift Transp., Co.*, 402 F.3d 536, 540 (5th Cir. 205).

### C.    Microsoft Has Failed to Meet its Initial Burden of Production

Microsoft's motion rests on the argument that Section 287 bars damages from the MDL Defendant's products that use a "Microsoft operating system" because a Microsoft operating system (e.g., Windows) and/or a Microsoft URL (e.g., www.microsoft.com) was not mentioned **by name** in the claim charts accompanying the 2014 Notice Letters sent to each of the MDL defendants.[4] As set forth in *Celotex*, because Microsoft is moving for summary judgment on the ground that Iron Oak has no evidence that the MDL Defendants were provided sufficient notice

---

[4] The Notice Letters provided in Microsoft's Appendix (DN41) as Exhs 9A and 9B (Dell); Exh 11 (Asus); Exh. 12 (Toshiba); Exh. 13 (Fujitsu); Exh. 14 (Acer); Exhibit15 (Lenovo) and Exh. 16 (Sharp) are incorporated herein by reference. The evidence of notice provided to Samsung filed with Iron Oak's Amended Complaint is incorporated here by reference herein (DN50-3 through DN50-6 in 3:17-cv-1259-M).

of infringement of products running a Microsoft operating system, Microsoft must affirmatively

demonstrate that there is no evidence in the record to support a judgment for Iron Oak.

There can be no reasonable dispute that each of the 2014 Notice Letters provided notice

of infringement with respect to at least one product for each asserted patent.   Indeed, Microsoft

concedes in Paragraph 9 of its Brief that

> Iron Oak's 2014 [Notice] letters referred to operations provided through other
> operating systems, e.g., Android, operations provided through third party
> software, or actions allegedly taken by the recipient of the letter.

DN40 at 6.

More fundamentally, however, and contrary to Microsoft's implication, the Notice letters

provided to the MDL Defendants identified products for both patents that were loaded by the

MDL Defendants with a Microsoft operating system that included the Automatic Update feature

and the Connection Manager feature.

The Notice letter provided to Acer (DN41 at 158-169) identified, among other things, for

the '275 Patent the Aspire line of Acer laptops, generally.  See DN41 at 161.  As shown at pages

03-25, and specifically pages 11 and 20-21 in the accompanying Appendix, the Aspire line of

Acer laptops were loaded by Acer with Microsoft Windows operating systems.  For the '658

Patent, the Acer Notice Letter identified Acer's laptops and tablets, generally, and the Windows-

based Aspire V3-772G-6468 laptop, specifically.

For MDL Defendant Asus, the Notice Letter (DN41 at 181-130) identified the

Transformer and VivoBook lines of laptops for the '275 Patent, and specifically noted the

A73TK Notebook.  DN41 at 122.  The screenshot below from the Notice Letter claim charts

shows that laptop was installed with "Windows 7 64 bit."  *Id*.

| The '275 Patent | Asus Tablets and Laptops |
|---|---|
| |  |

For MDL Defendant Dell, the Notice Letter (DN41 at 94-105) identified the Venue line of tablets and the Inspiron line of laptops for the '275 Patent, and specifically noted the Venue 7 and Venue 8 tablets running an Android operating system.  As shown at Appendix page 26, Dell's Inspiron line of laptops were based on Microsoft's Windows operating systems.  For the '658 Patent, the Dell Notice Letter identified Dell's laptops and tablets, generally, and the Inspiron 15 Non-Touch laptop, specifically.  As shown at Appendix page 27 this Dell laptop was sold by Dell with Microsoft's Windows 8 operating system.

For MDL Defendant Fujitsu, the Notice Letter (DN41 at 146-156) identified the Stylistic line of tablets and the Lifebook line of laptops for the '275 Patent, and specifically noted the Stylistic M532 tablet and the LifeBook E744 laptop.  As shown at Appendix page 28, Fujitsu's Lifebook E744 laptop was loaded by Fujitsu with a Microsoft Windows operating system.  For the '658 Patent, the Fujitsu Notice Letter identified Fujitsu's laptops and tablets, generally, and the LifeBook E733 laptop, specifically.  As shown in the screenshot below from the Notice Letter claim chart (DN41 at 153), this Fujitsu laptop was running a windows operating system.

| The '658 Patent | Fujitsu Laptops and Tablets |
|---|---|
| **Claim 1** | |
| 1. An apparatus for automatically selecting one of a plurality of communication paths, the apparatus comprising:<br><br>a memory operable to store a plurality of ordered lists of communication paths, each ordered list associated with one of a plurality of communication attributes, each communication attribute representing a separate priority for communication; and | Fujitsu's laptops automatically select communication paths on wired and Wi-Fi networks and Fujitsu's tablets automatically select communication paths on cellular and Wi-Fi networks.<br><br>Fujitsu's laptops and tablets contain memory allowing them to store ordered lists of communication paths on wired Ethernet, Wi-Fi, and/or cellular networks.  Each of these ordered lists is associated with a communication attribute (such as the type of network or the speed of the communication).  Moreover, each communication attribute represents a separate priority for communication (e.g., "home" Wi-Fi networks).<br><br> |

For MDL Defendant Lenovo, the Notice Letter (DN41 at 171-183) identified the Ideatab line of tablets and the Thinkpad line of laptops for the '275 Patent, and specifically noted the IdeaTab A2107 tablet.   The Lenovo Notice Letter specifically identified the ThinkVantage System Update 5.03 for Windows 8.1, which specifically references Microsoft's .NET framework software.  The screenshot below is from the Lenovo Notice Letter. DN41 at 176.



[Exemplary Source: http://www.att.com/shop/wireless/devices/lenovo/ideatab-a2107-black.html#fbid=a9sNo2E7WLB; http://support.lenovo.com/en_US/downloads/detail.page?&LegacyDocID=MIGR-73695]

For the '658 Patent, the Lenovo Notice Letter identified Lenovo's laptops and tablets, generally, and the Windows-based ThinkPad T7440, specifically.

For MDL Defendant Toshiba, the Notice Letter (DN41 at 132-144) identified the Thrive line of tablets and the Satellite line of laptops for the '275 Patent, and specifically noted Toshiba's Drivers and Utilities download feature for its products running Microsoft's Windows 8.1  The screenshot below is from the Toshiba Notice Letter. DN41 at 136.

| The '275 Patent | Toshiba Laptops and Tablets |
|---|---|
| | Download Toshiba Drivers and Utilities for Windows 8.1 |
| | [Exemplary Sources: http://www.notebookcheck.net/OTA-update-for-Toshiba-Thrive-released-in-time-for-launch.57284.0.html; http://support.toshiba.com/support/howToDetail?contentId=4004340] |

For the '658 Patent, the Toshiba Notice Letter identified Toshiba's laptops and tablets, generally, and the Toshiba Satellite C50-ABT3N11laptop, specifically.  As shown at Appendix page 29, this Toshiba laptop was loaded by Toshiba with Microsoft's Windows operating system.

As for MDL Defendant Samsung, Microsoft has presented no evidence at all about the notice of infringement Iron Oak provided on the asserted patents.  *See* DN50-3 through DN50-6 in 3:17-cv-1259-M.

Given Microsoft's admission that notice of infringement was admittedly provided for at least one product in each of the 2014 Notice Letters, the fact that most of the 2014 Notice Letters identify products running a Microsoft operating system, the issue that a Microsoft operating system or URL was not listed by name by Iron Oak is not determinative of whether damages can be recovered for products actually running a Microsoft operating system.  Microsoft has failed to demonstrate that there is "no evidence" to support an award of damages for products running a Microsoft operating system. *See Celotex* at 106 S. Ct. 2557; 477 U.S. 332 (cautioning that

findings that conclusory assertions meet the burden of production, "would simply permit summary judgment procedure to be converted into a tool for harassment.")

Because Microsoft has failed to carry its initial Rule 56 burden of showing "no evidence," this motion should denied in all respects.

### D.    Genuine Issues of Material Fact Preclude Summary Judgment

As *Funai, K-TEC* and their progeny make clear, once notice of infringement has been provided with respect to one product, the determination of whether other products  are within the scope of the initial notice is *a factual issue for the jury to decide*.

Independent of Microsoft's failure to meet its burden of production, each Notice Letter at issue provides on its face sufficient evidence that Iron Oak provided each MDL Defendant with notice of why at least one of its products infringe each of the '275 and '658 Patents. Each Notice Letter provides sufficient evidence for a reasonably jury to find that an MDL Defendant's product loaded by that defendant with a Microsoft operating system is within the scope of the 2014 Notice Letters.   Thus, Microsoft's argument for summary judgment reduces to: *Iron Oak cannot recover damages from any MDL Defendant because the Notice letters sent to the MDL Defendants did not specifically inform the MDL Defendants that its products that it loaded with a Microsoft operating system necessarily included the Microsoft Automatic Update feature and the Microsoft Connection Manager feature.  See* DN 40 at 6.

As is clear from the Federal Circuit's *Funai, K-TEC* and *Minks* opinions, there is no requirement that a notice letter identify any product or act by name.  All that is required is that the letter provide enough information to specifically communicate a charge of infringement. Here, a jury could easily find that products loaded by an MDL Defendant with a Microsoft

operating system were within the scope of the charge of infringement set forth in the 2014 Notice Letters.

Further, as the Federal Circuit's *Mink's* opinion confirms, infringing product and acts can be sufficiently identified through an identification of specific features or operations of those products, rather than by product name.   Thus, in *Minks,* allegations that "reverse speed limiters sensing engine speed and a DC input" infringe was deemed sufficient to provide Section 287 notice to produces within that description.   Here, the reference in the 2014 Notice Letters to "laptops and tables" associated with "servers [that] deliver and install over-the-air operating code update to laptops and tablets" sufficiently identifies the products that are alleged to infringe, regardless of operating system.   *See* DN41 at 161, 121, 97, 149, 174, 188, and 135.

*Gart v. Logitech, Inc.,* 254 F.3d 1334 (Fed. Cir. 2001), relied upon by Microsoft, is not to the contrary.   Nowhere in *Gart* did the Federal Circuit hold that products and acts must be identified by name for notice to be provided under Section 287.   And nowhere in *Gart* did the Federal Circuit hold that infringing products could not be identified by a general description (as held in *Minks*).   Indeed, the *Funai, K-TEC* and *Minks* opinions were all issued after the Federal Circuit's decision in *Gart*.   As the court in *Unova* noted in denying a motion seeking a summary judgment of no damages because the notice letter at issue did not identify certain accused products by name:

> The two cases relied upon by Defendants, [*Gart* and *Amsted Industries*] are easily distinguished and do not require a specific statement of the brand name under which a product is sold. *Gart,* 254 F.3d at 1346, *Amsted,* 24 F.3d at 186-187. These cases merely require that the specific device that is accused of infringement be identified. *Id.* An accusation against a type of battery could constitute an accusation of a specific device.  A requirement that each brand name be identified would allow an accused infringer to become a moving target by simply re-naming accused devices.

*Unova,* 2005 WL 6070187, *1 fn. 1.

Given that a jury reasonably could find that products running a Microsoft operating system are within the scope of the 2014 Notice Letters, Microsoft's motion for a partial summary judgment of no damages for all MDL Defendants such acts should be denied.  *See, e.g., Saint Lawrence Comms., LLC v. ZTE Corp., et al.,* Case No. 2:15-cv-349 (E.D. Tex. 2017)(denying MSJ regarding no pre-suit damages); *In re Katz Interactive Call Processing Patent Litigation*, 2009 WL 8636056, *3 (C.D. Cal. 2009)(failing to reconsider denial of MSJ of no damages on grounds that a reasonably jury could conclude patentee notified defendants of the services it believed infringed); *Tenneco Auto. Operating Co., Inc. v. Visteon Corp.*, 375 F. Supp.2d 360, 365 (D. Del. 2005) (denying MSJ of no damages for product allegedly outside scope of prior notice); Unova, 2005 WL 6070187 (denying MSJ of no damages because product at issue was not identified by name in notice letter).  *See also Funai*, 616 F.3d at 1373 (affirming award of damages based on sales of products not expressly identified in notice letter finding that jury's award was not shown to be unreasonable).   At a minimum, genuine issues of material fact concerning the scope of each Notice Letter precludes entry of summary judgment.


**III.     Conclusion**

For at least the reasons presented above, Microsoft's motion that none of the MDL Defendants can be liable for products they sold having a Microsoft operating system merely because the Notice Letters may not have specifically mentioned the Microsoft Automatic Update feature or the Microsoft Connection Manager feature resident in the Microsoft operating system should be denied in its entirety.

August 3, 2018                               Respectfully submitted,

                                             By: /s/Al Deaver


                                             Albert B Deaver , Jr
                                             JONES WALKER LLP

                                             811 Main St. Suite 2900
                                             Houston , TX  77002
                                             713-437-1818
                                             Fax: 713-437-1947
                                             Email:adeaver@joneswalker.com

                                             Robert James McAughan , Jr
                                             YETTER COLEMAN LLP
                                             811 Main Street Suite 4100
                                             Houston , TX  77002
                                             713-632-8000
                                             Fax: 713-632-8002
                                             Email:bmcaughan@yettercoleman.com


                                             *Attorneys for Defendant*
                                             *Iron Oak Technologies, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May 2018, I filed the foregoing document using the
Court's CM/ECF system, which system effects service on all counsel of record.


                              /s/ *Albert B. Deaver, Jr.*